# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3458 | **DATE** | June 10, 2013 |
| **CASE TITLE** | Rashad White (#2012-0112196) v. Superintendent Thomas, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the Cook County Jail to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is directed to forward a copy of this order to Supervisor of inmate trust fund accounts at Cook County Jail. The Clerk is directed to issue summons for Defendants Thomas, Reyes, Archuleta, Carol, and McCoy, and the United States Marshals Service is appointed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for attorney representation [#4] is denied without prejudice.

■[**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, currently a pre-trial detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants retaliated against him for filing grievances and for pursuing his legal rights by filing law suits.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the Plaintiff is assessed an initial partial filing fee of $16.67. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

The court has reviewed Plaintiff's allegations pursuant to 28 U.S.C. § 1915A and concludes Plaintiff has articulated a colorable federal cause of action against Defendants Thomas, Reyes, Archuleta, Carol, and McCoy for retaliation. *See, e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (finding that plaintiff had stated a valid cause of action for allegedly retaliatory disciplinary reports). While a more fully developed record may belie Plaintiff's allegations, the Defendants are directed to respond to the complaint.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

The Clerk shall issue summonses forthwith for service on Defendants Thomas, Reyes, Archuleta, Carol, and McCoy (hereinafter, "Defendants"). The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If Defendants can no longer be found at the work address provided by Plaintiff, the Cook County Jail shall furnish the Marshal with Defendants' last-known addresses. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any filing to Defendants [or to defense counsel, once an attorney has entered an appearance on Defendants' behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Finally, Plaintiff has filed a motion for attorney representation. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant, however, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013), and will review several factors in determining whether to do so, including whether the indigent plaintiff has made reasonable attempts to secure counsel on his own and whether the case is too factually or legally difficult for the prisoner to handle on his own, in light of his education, his litigation experience, and his communication skills. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). After considering the above factors, the court concludes that the solicitation of counsel is not warranted at this stage. Plaintiff has presented no information concerning his efforts to retain private counsel, nor has he identified any physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's submissions to date have been coherent and articulate. His motion for attorney representation is denied without prejudice to renewal, should circumstances warrant.